IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LOUIS J. CLAY  #08452                                                                                              PLAINTIFF

versus                                                                        CIVIL ACTION NO. 2:06cv56-KS-MTP

CHRISTOPHER EPPS, *et al.*                                                                               DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Motion to Dismiss of Defendants Christopher Epps, Geneva McFarland, Ronald King and Johnny Denmark seeking dismissal of the *pro se* plaintiff's civil rights complaint for its failure to state a claim against them. The plaintiff, a state prisoner, has not responded to the motion. Having reviewed the complaint and the applicable law, the undersigned recommends that the defendants' motion be granted in part and denied in part.

STANDARD FOR DISMISSAL

By this action, which was removed to this court from the Circuit Court of Greene County, the plaintiff alleges that certain of his constitutionally-protected rights were violated when he was forced to submit to tuberculosis testing while he was incarcerated at South Mississippi Correctional Institution (SMCI). Because he is a *pro se* litigant, Clay's complaint is to be liberally construed so that on a motion to dismiss, in analyzing the complaint, the court must accept his factual allegations as true. *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981). Given this liberal construction requirement, a motion to dismiss for failure to state a claim should not be granted "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). The issue is not "whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.*

DISCUSSION

According to Clay's complaint, on January 12, 2005, all offenders, including Clay, who were incarcerated at SMCI were ordered to the gym for tuberculosis testing. Clay questioned at least one nurse about whether he should be tested since he had "been treated previously" at Parchman but was told that testing was mandatory for every offender. On January 14, 2005, he was told by a nurse that he should not have been tested since he had been treated for tuberculosis. Also on January 14, he tested positive for tuberculosis. He claims to have been ill since the "injection." He sued eight named defendants in their individual and official capacities alleging that they "failed to take heed" that he had been treated for tuberculosis and "failed to perform their duties" by not reviewing his medical records and by not "following-up" with appropriate treatment. [1] His request for relief includes treatment by a doctor of his choosing, transfer from SMCI and compensatory damages.

To state a constitutional claim against the defendants relative to medical care, the plaintiff must allege acts or omissions on the part of the defendants that constitute deliberate indifference to his serious medical needs to such an extent that he suffered an unnecessary and wanton infliction of pain prohibited by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 106 (1976). The prisoner's disagreement with the medical treatment fails to give rise to a constitutional claim under section 1983. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). Neither will an allegation of mere negligence suffice. *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999).

---

[1] Although it is unclear from the complaint that Clay intended a due process challenge to prison grievance procedures, he does attach copies of the responses finding his grievance unfounded. The second response was signed by Defendant King and the third by Defendant Epps. Assuming *arguendo* that he does intend such a challenge against Epps, King, Denmark and McFarland, any such claim is meritless and properly dismissed: "'[A] prisoner has a liberty interest only in "freedom[s] from restraint...impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life."' [Plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation...is indisputably meritless." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005)(citations omitted).

Defendants Christopher Epps, Ronald King, Johnny Denmark and Geneva McFarland have filed their motion to dismiss asserting that because he did not state specific allegations against them, the plaintiff fails to show personal involvement in the alleged constitutional violation on their part as is required in a case of this type. The specificity of pleading in a section 1983 case is determined by whether the defendants are sued in their individual as well as their official capacities: "Plaintiffs suing governmental officials in their individual capacities... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(citations omitted). The moving defendants are therefore correct in their assertion that the plaintiff must plead specific facts in order to survive their motion to dismiss. This is particularly so since no mention of any of them appears anywhere in the complaint other than their being named as defendants.[2] *Barksdale v. King,* 699 F.2d 744, 746 (5th Cir. 1983). However, this is not the sole matter for consideration in the court's determination of the propriety of dismissal.

Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver,* 276 F.3d at 742 & n. 6. As the plaintiff has alleged no direct involvement in the alleged deprivations upon which this action is based and otherwise offers no basis of liability for Commissioner Epps, Warden Denmark or Superintendent King other than their positions of authority, his claims against them have no arguable basis in law and may properly be dismissed. *Williams v. Luna,* 909 F.2d 121, 123 (5th Cir. 1990)(affirming dismissal of correctional director and warden from suit).

Although no more specifically stated than those against Epps, Denmark and King, the plaintiff's claims against Geneva McFarland do not suffer a similar fate at this point. Dismissal of a prisoner's suit for failure to state a claim under rule 12(b)(6) "without giving the plaintiff *an*

---

[2] Commissioner Epps is named only in the style of the case. The plaintiff names Ronald King as the superintendent of SMCI, Johnny Denmark as the warden of SMCI and Mrs. [Geneva] McFarland as an SMCI case manager.

opportunity to amend" is generally unjustified. *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999). Such a dismissal is appropriate only "if a complaint alleges the plaintiff's best case" so that allowing amendment or elaboration on the claims still would not state a claim. *Id.* at 327. When the facts asserted in the complaint "may make out a...violation" they are "at least sufficient to avoid dismissal on the face of the complaint without opportunity for factual development." *Miller v. Stanmore,* 636 F.2d 986, 992 (5th Cir. 1981)(reversing dismissal and remanding to permit plaintiffs an opportunity to amend).

As previously stated, the sufficiency of an Eighth Amendment claim turns upon the deliberate indifference standard. To satisfy this standard, the plaintiff must allege not just that medical care was inadequate but also that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). To act with deliberate indifference "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Harris v. Hegmann,* 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted).

The plaintiff does not specify what, if any, responsibility a "case manager" has under the circumstances that led to the filing of this action. The plaintiff does, however, allege that he told the "named defendants" that he had been treated for tuberculosis and that they "failed to take heed," instead requiring him to take the test that he claims made him ill. As these allegations, "if developed, might state valid civil rights claims," dismissal of the complaint without allowing the plaintiff an opportunity to amend it to state his best case with respect to any claims against Geneva McFarland is premature.[3] *Shaw v. Waller,* 95 Fed. Appx. 533, 535 (5th Cir. 2004) (in § 1983 action

---

[3] This does not alter the propriety of dismissal of Clay's claims against Defendants Epps, Denmark and King at this juncture because the dismissal is based on issues of law and not on allegations of fact. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("[I]f as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed.").

alleging inadequate medical treatment, affirming dismissal only as to warden);[4] *see also Harris v. Hegmann,* 198 F.3d 153, 160 (5th Cir. 1999) (reversing dismissal where plaintiff alleged specific facts against specific defendants sufficient to present a claim for relief); *Barksdale v. King,* 699 F.2d 744, 748 (5th Cir. 1983)(same).

The procedural posture of this case presents even more reason for this disposition. The complaint comes before this court for the first time by way of the defendants' motion to dismiss, which was filed within a week after the case was removed from state court. Because the plaintiff is not proceeding *in forma pauperis*[5] the complaint has not been subjected to 28 U.S.C. § 1915A screening, nor has a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) been conducted to give the plaintiff an opportunity to elaborate on his claims. Comparing rule 12(b)(6) dismissals with those under section 1915, the Supreme Court has acknowledged "the considerable common ground between these standards" but has also highlighted the differences, particularly with respect to amendment:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by...clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. ...By contrast, the *sua sponte* dismissals permitted by, and frequently employed under, § 1915(d) [now, (e)(2)],

---

[4] "We do not comment on whether Shaw will be able to assert facts sufficient to allege valid 28 U.S.C. § 1983 claims against these two defendants but state simply that such is possible and that the dismissal of the complaint at this early stage was premature." *Id.*

[5] Although the plaintiff sought *in forma pauperis* status in state court, upon removal the defendants paid the requisite filing fee.

necessary though they may sometimes be to shield defendants from vexatious lawsuits, involve no such procedural protections.

*Neitzke v. Williams,* 490 U.S. 319, 328, 329 (1989). Accordingly, the plaintiff must be given one last opportunity to state a claim, if he can.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the defendants' motion to dismiss [4] as to Christopher Epps, Ronald King, and Johnny Denmark be granted and that Clay's complaint against them be dismissed. It is the court's further recommendation that the motion be denied as to Defendant Geneva McFarland and that the plaintiff be given twenty days to file an amended complaint.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 25th day of August, 2006.

s/ Michael T. Parker
United States Magistrate Judge

6